Bah v. Garland

BIA
Poczter, IJ
A208 922 676

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

THIERNO MADJOU BAH,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

22-6213
NAC

_____

FOR PETITIONER:          Evan M. Goldberg, Law Office of Evan M. Goldberg, Washington, DC.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Erica B. Miles, Assistant Director; Rachel P. Berman-Vaporis, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Thierno Madjou Bah, a native and citizen of Guinea, seeks review of a BIA decision affirming an Immigration Judge ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Thierno Madjou Bah*, No. A208 922 676 (B.I.A. Apr. 6, 2022), *aff'g* No. A208 922 676 (Immig. Ct. N.Y. City Apr. 22, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's factual findings for substantial evidence and questions of law and the application of law to fact *de novo*. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Bah had the burden to establish that he suffered past persecution, or that he has a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for that persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see* 8 C.F.R. § 1208.13(a), (b). "In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). As set forth below, the IJ reasonably concluded that Bah did not meet his burden of proof given his failure to allege sufficient facts.

## I.    Past Persecution

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d

3

332, 341 (2d Cir. 2006) (quotation marks and brackets omitted); *see also Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) ("[T]he difference between harassment and persecution is necessarily one of degree," which "must be assessed with regard to the context in which the mistreatment occurs." (quotation marks and emphasis omitted)).

Bah alleged that while working as a police investigator in Guinea, he and his co-investigator recommended that a defendant of Malinke ethnicity pay a debt to a person of Fulani ethnicity. When Bah, also an ethnic Fulani, delivered the report to the police director, an ethnic Malinke, the director became angry and screamed at Bah and his co-investigator. On his way home, Bah received a call that his co-investigator had been arrested. Bah fled to a friend's house for safety, where he hid for two months before receiving a visa to travel to Brazil. At some point before leaving Guinea, Bah allegedly received a message from the police director threatening to kill him. Bah presented a police summons directing him to appear, which he construed as a summons for his arrest. Bah argues that the threats he received, his co-investigator's arrest, the summons, and historical violence between the Malinke and Fulani ethnic groups established his claim of past persecution.

4

We are satisfied that the IJ did not err in concluding that Bah failed to establish past harm that rose to the level of persecution.

First, the record supports the IJ's finding that the unfulfilled threats against Bah did not rise to the level of persecution. CAR 60; *see Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014) (holding that "threats of persecution, no matter how credible, do not demonstrate past persecution"); *Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that courts have "rejected [persecution] claims involving 'unfulfilled' threats").

Second, the IJ correctly observed that an asylum applicant can establish past persecution based on harm only to himself, so the arrest of Bah's co-investigator did not establish Bah's own past persecution. CAR 60; *see Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 308 (2d Cir. 2007) ("[T]he statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer.").

Third, the IJ reasonably concluded that Bah could not establish past persecution based on his claim that he received a summons for his arrest because of his conflict with the police director over his investigation of the Malinke debtor. CAR 60. The summons—generically titled "summons for necessity judicial

5

denquest [*sic*]"—identified Bah as a "sociologist" and simply "[i]nvite[d]" him "[t]o be presented on the 04/27/2015 at 10 am to the Central Direction of the Judiciary Police" without further detail. CAR 156. It does not reference an arrest or identify charges against Bah. Even if the summons was in fact a warrant for Bah's arrest, the mere threat of detention is not sufficient to establish past persecution. *See Guan Shan Liao v. U.S. Dep't of Just.*, 293 F.3d 61, 70 (2d Cir. 2002) (stating that a "threat of detention . . . itself . . . is not past persecution").

Finally, the country conditions evidence reflecting violence between the Fulani and Malinke ethnic groups did not prove that Bah himself suffered ethnic violence; indeed, Bah did not allege that he was a victim of any such violence.

## II. Future Persecution

Absent past persecution, Bah had the burden to demonstrate a well-founded fear of future persecution, "which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Jian Xing Huang v. U.S. INS*, 421

6

F.3d 125, 128 (2d Cir. 2005). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). But a "speculative" fear that lacks "solid support in the record" is not objectively reasonable. *Jian Xing Huang*, 421 F.3d at 129. Bah argues that he demonstrated a well-founded fear of future persecution based on his credible testimony, including about the summons he received, the persecution of his similarly-situated co-investigator, and his Fulani ethnicity.

We conclude that the agency reasonably found that his claim of feared future persecution was speculative. First, as already noted, the summons does not reference an arrest or identify charges against Bah. Second, the co-investigator's letter is vague and does not confirm what led to his arrest. Third, while the country conditions evidence and article that Bah submitted discuss violence between Fulani and Malinke youth, they do not reflect a pattern or practice of persecution of Fulani people. *See* 8 C.F.R. § 1208.13(b)(2)(iii) (a well-founded fear of persecution requires either a reasonable possibility of being singled out for persecution or a pattern or practice of persecution of similarly situated individuals). Instead, the article states that 40% of the population is Fulani and 30% is Malinke, Fulani people are perceived as "wealthier and more

7

prosperous" than other ethnic groups in Guinea, and there is mutual violence between Malinke and Fulani youth. CAR 225–28. Finally, Bah failed to present evidence that people looked for him after he left Guinea or would look for him if he returned, given the passage of approximately nine years since the 2015 incident with the police director.[1]

In sum, the agency reasonably concluded that Bah did not establish that he suffered past harm rising to the level of persecution, *see Ivanishvili*, 433 F.3d at 341, or a well-founded fear of future persecution, *see Jian Xing Huang*, 421 F.3d at 129. Bah's failure to establish the well-founded fear required for asylum is also dispositive of withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that when an applicant fails to "demonstrate the slight, though discern[i]ble, chance of persecution required for the grant of asylum, he necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief" (quotation marks and citations omitted)).

---

[1] Bah claimed that his mother told him that "some people" had looked for him in 2017, but he did not specify who those people were and why they were looking for him. CAR 99–100.

For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court